United States District Court　　　Southern District of Texas

| | | |
|---|---|---|
| R & D Environmental Services, Inc., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-08-181 |
| Mystik Transportation, *et al.*, | § § § | |
| Defendants. | § | |

## Opinion on Personal Liability

1.　*Introduction.*

　　A trucking company hired an environmental servicer to clean a spill of glycerin from its overturned truck but never paid. The servicer sued the seller, broker, and purchaser of the glycerin for the costs of cleaning. Those three moved to dismiss and prevailed. The servicer also sued the trucking company and three family members for payment. The servicer will fail.

2.　*Background.*

　　Lois Baldon, Sidney Baldon, Sr., and Sidney Baldon, II, owned and operated Mystik Transportation, Inc. Mystic forfeited its corporate privileges on February 11, 2005. Mystik was hired to transport glycerin in March of 2007. The truck overturned in transit, spilling the glycerin into a drainage ditch. Mystik hired R&D Environmental Services to clean the spill. After R&D completed the work, Mystik did not pay the $93,313.34 cost. R&D sued Mystik, Sidney Baldon, Sr., Sidney Baldon, II, and Lois Baldon for breach of contract on January 15, 2008.

3.　*No Service.*

　　R&D failed to serve Mystik, Lois Baldon, and Sidney Baldon, II. In its complaint, R&D lists an address for Mystik's registered agent, but it did not serve him. R&D only served Sidney Baldon, Sr. Although R&D purports to have served Mystik on the same day, the filed return

is merely a duplicate of the very document used to serve Sidney Baldon, Sr. No where does it mention Mystik, Sidney Baldon, II, or Lois Baldon. Lois Baldon died on March 27, 2008. Her estate representative was not identified or served. The claims against Mystik, Lois Baldon, and Sidney Baldon, II, will be dismissed for insufficient service.

4. *Sidney Baldon, Sr.*

After Mystic forfeited its corporate privileges, its directors and officers became liable for its debts as if they were partners in a partnership. TEX. TAX CODE ANN. § 171.255(b) Vernon 2008). In his answer, Sidney Baldon, Sr., says that he sold his interest in Mystik to Lois Baldon in January 2005, before both the forfeiture and the contract with R&D. He cannot be liable on a contract made after his withdrawal. R&D has offered no evidence to contradict his disaffiliation with Mystik. With Sidney Baldon, Sr., being without counsel and with R&D having no idea about the location, records, or people of Mystik, it is impossible that it could contradict the answer. R&D will take nothing from Sidney Baldon, Sr.

5. *Conclusion.*

Because it did not serve Mystik, Lois Baldon, or Sidney Baldon, II, R&D will take nothing from them. Because Sidney Baldon, Sr. was no longer part of the forfeited corporation when the contract was made, R&D will take nothing from him.

Signed on February 25, 2009, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge